**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| CHRISTOPHER BOFFOLI, an individual, <br><br>   Plaintiff, <br><br>   v. <br><br> GOOGLE INC., a Delaware corporation, DOES 1-5, <br><br>   Defendants | Case No. 14-655 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

CHRISTOPHER BOFFOLI, ("Boffoli" or "Plaintiff") hereby alleges for his complaint against GOOGLE INC. ("Google") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

**I.   NATURE OF THE CASE**

1. This is a claim for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code.

**II.   JURISDICTION AND VENUE**

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Google because it conducts substantial business in the State of Washington.

4. The claims alleged in this Complaint arise in the State of Washington and the Western District of Washington and elsewhere.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1-3).

### III.   PARTIES

6. Plaintiff is an individual and resident of the Western District of Washington.

7. Google is a Delaware corporation with its headquarters and principal business address at 1600 Amphitheatre Parkway, Mountain View CA 94043.

8. Plaintiff doesn't know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

### IV.   FACTS

**A.  Boffoli created copyrightable photographs and registered them with the U.S. Copyright Office.**

9. Boffoli is a fine art, editorial and commercial photographer who created "Big Appetites", a series of photographs featuring tiny figures photographed against real food backdrops.  Big Appetites has been published in more than 100 countries around the world, with coverage in publications such as the New York Times, Washington Post, NPR, and CBS This Morning, among many others.  Fine art photographs from the collection can be found in galleries and private collections in the US, Canada, Europe and Asia.  Boffoli is frequently hired by magazines for editorial commissions and by large brands for commercial work based on the Big Appetites series. Boffoli's images are also licensed for publication for books, magazines, websites and greeting cards.

10.     Boffoli's business is based on licensing and selling photographs he creates. Big Appetites photographs are currently available for purchase at fine art galleries, and can also be purchased over the Internet, including through Boffoli's website.  Boffoli has licensed use of Big Appetites photographs to greeting card companies, calendars, and others.

11.     Boffoli registered each photograph in the Big Appetites series with the U.S. Copyright Office and has Copyright Registration Nos. VAu001106484 (June 13, 2011) and VAu001148370 (August 3, 2013).

**B.   Google's customer posts photographs from Big Appetites without license or permission from Boffoli on webpages housed on Google's servers.**

12.     Google provides services to at least one Doe Defendant and allows that Doe Defendant to house its website content on Google's servers, including content that infringes on Boffoli's copyright (the "Infringing Content"). The Infringing Content is hosted on Google's servers at: <http://ediideas.blogspot.com> and <ping.busuk.org>.

13.      The Infringing Content hosted by Google contains numerous photographs from Big Appetites without license or permission from Boffoli. A copy of the infringing content is provided as Exhibit A.

**C.   Google failed to prevent the Infringing Website from being assessable over the Internet despite notice from Boffoli.**

14.     On information and belief, Google can remove the Infringing Content hosted on Google's servers. Google can also disable the Doe Defendant's ability to post content to the Internet.

15.     Google's registration with the United States Copyright Office for receipt of Digital Millenium Copyright Act ("DMCA") identifies "dmca-agent@google.com" as the email address of its designated agent. A copy of Google's registration is provided as Exhibit B.

16.     On December 20, 2013, Boffoli sent a notice to Google's dmca-agent@google.com email address notifying Google of the Infringing Content. Google

1  responded by email that it received Boffoli's notice and asked him to confirm that it was
2  complete. Boffoli did so that same day. Boffoli's notice and subsequent correspondence
3  with Google are attached as Exhibit C.

4  17.  Boffoli never authorized his work to be posted on the Infringing Website.

5  18.  As late as April 9, 2014—more than 100 days after receiving Boffoli's
6  notice—Google had not removed or disabled access to the Infringing Content. (*See*
7  Exhibit A.)

8  19.  On information and belief, on or about April 24, 2014 Google finally
9  removed or disabled access to the Infringing Content.

### V.  CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

12  20.  Boffoli hereby incorporates Paragraphs 1-19 by reference.

13  21.  Boffoli is, and at all relevant times has been, the owner of the copyright in
14  the photographs in the Big Appetites series.

15  22.  Each photograph in Big Appetites is copyrightable subject matter under 17
16  U.S.C. § 102(a)(5).

17  23.  Boffoli has complied in all respects with the provisions of the Copyright
18  Act and all regulations thereunder.

19  24.  Boffoli registered the copyright in each photograph in Big Appetites with
20  the United States Copyright Office.

21  25.  Boffoli has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the
22  photographs in Big Appetites, (2) prepare derivative works based on Big Appetites, (3)
23  distribute copies of Big Appetites, and (4) display Big Appetites publicly.

24  26.  Without the permission or consent of Boffoli, photographs from Big
25  Appetites were reproduced, derivative works were made from, copies were distributed of,
26  and the photographs were displayed on the Infringing Website, which is hosted on
27  Google's servers.

28  27.  Boffoli's exclusive rights in the photographs in Big Appetites were

1  violated.

2  28.  Google induced, caused, or materially contributed to the Infringing
3  Website's publication.

4  29.  Google had actual knowledge of the Infringing Website. Boffoli provided
5  notice to Google in compliance with the DMCA, and Google failed to expeditiously
6  disable access to or remove the Infringing Website.

7  30.  Google acted willfully.

8  31.  Alternatively, Google directly infringed Boffoli's copyrights by continuing
9  to allow public access to the Infringing Website on Google's servers.

## VI.  RELIEF REQUESTED

WHEREFORE, Boffoli asks this Court to enter judgment against Google and Google's subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of Big Appetites by Google under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Google of the photographs in Big Appetites and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Boffoli as the result of Google's infringement plus the profits of Google attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Boffoli so elects, an award of statutory damages for each infringement of Big Appetites under 17 U.S.C. § 504;

5. A judgment that Google's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

1   7. For such other and further relief as may be just and proper under the
2 circumstances.

4   Dated May 2, 2014.

6                                       Respectfully Submitted,

8                                       **NEWMAN DU WORS LLP**

9                               By:    _____
10                                      Keith Scully, WSBA No. 28677

12                                      Attorneys for Plaintiff
                                        CHRISTOPHER BOFFOLI

16                              **JURY DEMAND**

17   Pursuant to FED. R. CIV. P. 38(b), Plaintiff Christopher Boffoli demands a trial by
18 jury of all issues presented in this complaint which are triable by jury.

20   Dated May 2, 2014

23                                      Respectfully Submitted,
                                        **NEWMAN DU WORS LLP**

25                              By:    _____
26                                      Keith Scully, WSBA No. 28677

27                                      Attorneys for Plaintiff
28                                      CHRISTOPHER BOFFOLI